1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JACQUELINE M. TAYLOR,

11           Plaintiff,                    No. 2:11-cv-00603 KJM KJN PS

12        v.

13   STATE OF CALIFORNIA,
     EMPLOYMENT DEVELOPMENT
14   DEPARTMENT, et al.,

15           Defendants.                   ORDER
     _____/

16

17           On September 29, 2011, the undersigned held a status (pretrial scheduling

18   conference) in this case.[1]  (Minutes, Dkt. No. 9.)  Plaintiff, who is proceeding without counsel,

19   appeared and represented herself, but failed to file a status report in advance of the scheduling

20   conference.[2]  None of the named defendants has yet appeared in this action, filed a status report,

21   or appeared at the scheduling conference.

22           Plaintiff filed this employment-related action on March 4, 2011 (Dkt. No. 1), and

23   _____

24        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

25

26        [2]  (See Order Setting Status Conference at 2 (requiring that the parties file status reports no
     later than seven days prior to the scheduling conference), Dkt. No. 3.)

                                           1

appears to allege claims of disability discrimination, retaliation, and harassment and the creation of a hostile work environment. (See Compl. at 3.) Plaintiff named the following eight defendants: State of California, Employment Development Department; Pamela Harris; David Keenan; Richard Keene; Lisa Torres; Linda Morri; Elizabeth Rexius; and Kathy Zelmick.

As stated above, none of these defendants has appeared in the action. However, on July 14, 2011, plaintiff filed executed Return of Service forms, which reflect plaintiff's attempted service of process, by certified mail, on defendants Harris, Keenan, Keene, Torres, Mori, Rexius, and Zelmick (Dkt. No. 4). The forms note a service date of July 9, 2011. Plaintiff also attempted to serve an individual not named in the complaint: Jack Budmark.

At the scheduling conference, plaintiff represented that she had spoken with an attorney representing some or all of the defendants, Deputy Attorney General Noreen Skelly, and that Ms. Skelly informed plaintiff that plaintiff's attempted service of process was defective. However, plaintiff represented that Ms. Skelly agreed to accept service of process if plaintiff served an appropriate notice and acknowledgment of receipt of summons, as provided for in California Code of Civil Procedure § 415.030. However, plaintiff remains concerned that the form provided for in California Code of Civil Procedure § 415.030 is not a "federal" form. As was stated at the hearing, plaintiff is advised to consult the Federal Rules of Civil Procedure regarding service of individual persons and state governments, and particularly Federal Rules of Civil Procedure 4(e) and 4(j). It might also be to plaintiff's advantage to again contact Ms. Skelly in regards to facilitating prompt and cost-effective service of process.

Plaintiff also noted at the scheduling conference that she intends to amend her complaint. Plaintiff may amend her complaint as a matter of course in light of the fact that she has not yet effectuated proper service on any defendants. See Fed. R. Civ. P. 15(a)(1). To the extent that leave of court may be required to make such amendment, such leave of court is granted by this order so that plaintiff may promptly amend her complaint and file and serve that amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff is granted leave to amend her complaint and shall file her "First Amended Complaint" *within 21 days of the date of this order*.

2.      The Clerk of Court is directed to issue an amended summons upon the filing of the First Amended Complaint.

3.      Plaintiff is granted 120 additional days from the date of issuance of the amended summons within which to serve all defendants with the appropriate process.  See Fed. R. Civ. P. 4(m).

4.      A status conference is set in this case for December 1, 2011, at 10:00 a.m., in Courtroom 25.  No later than seven days prior to the status conference, the parties shall file status reports—or a joint status report if possible—consistent with the Order Setting Status Conference.

IT IS SO ORDERED.

DATED:  September 29, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE