IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACQUELINE M. TAYLOR,

        Plaintiff,                   No. 2:11-cv-00603 KJM KJN PS

        v.

STATE OF CALIFORNIA,
EMPLOYMENT DEVELOPMENT
DEPARTMENT, et al.,

        Defendants.           ORDER AFTER STATUS CONFERENCE

                            /

        On December 1, 2011, the undersigned held a follow-up status conference in this

case.[1]  Plaintiff, who is proceeding without counsel, appeared and represented herself, but failed

to file a court-ordered status report in advance of the scheduling conference.  (See Order,

Sept. 30, 2011, at 3 (requiring, among other things, that plaintiff file an additional status report at

least seven days prior to the December 1, 2011 status conference), Dkt. No. 10.)  None of the

named defendants has yet appeared in this action.

        Plaintiff filed this employment-related action on March 4, 2011, and appears to

allege claims of disability discrimination, retaliation, and harassment resulting in the creation of a

---

[1]  This action proceeds before the undersigned pursuant to Eastern District of California
Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1   hostile work environment.  (See Compl. at 3, Dkt. No. 1.)  At an initial status conference

2   conducted on September 29, 2011, the court discussed with plaintiff issues relating to her

3   defective service of process on defendants, and plaintiff's desire to file a First Amended

4   Complaint.  Following that conference, the court entered an order that ultimately provided:

5           1.   Plaintiff is granted leave to amend her complaint and shall file her
            "First Amended Complaint" *within 21 days of the date of this order*.

6
            2.   The Clerk of Court is directed to issue an amended summons upon

7           the filing of the First Amended Complaint.

8           3.   Plaintiff is granted 120 additional days from the date of issuance of
            the amended summons within which to serve all defendants with the

9           appropriate process.  See Fed. R. Civ. P. 4(m).

10          4.   A status conference is set in this case for December 1, 2011, at
            10:00 a.m., in Courtroom 25.  No later than seven days prior to the status

11          conference, the parties shall file status reports—or a joint status report if
            possible—consistent with the Order Setting Status Conference.

12

13  (Order, Sept. 30, 2011, at 3.)

14         Plaintiff failed to file any of the following: (1) a First Amended Complaint;

15  (2) any document reflecting proper service on any defendant; or (3) a status report.  Indeed, she

16  filed nothing with the court since the September 30, 2011 conference.

17         At the December 1, 2011 status conference, plaintiff explained that she failed to

18  file a First Amended Complaint because has been trying to retain counsel and acquire documents

19  that she requires to draft an amended complaint.  As explained by the undersigned at the follow-

20  up status conference, although plaintiff should have complied with the court's previous order, at

21  a minimum plaintiff should have conveyed the reasons for failing to do so to the court in the

22  court-ordered status report, but also failed to do so.

23         In any event, the court grants plaintiff additional leave to file a First Amended

24  Complaint and properly serve defendants with the First Amended Complaint.  However, plaintiff

25  is cautioned that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party

26  to comply with these Rules or with any order of the Court may be grounds for imposition by the

2

1   Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

2   Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

3           Any individual representing himself or herself without an attorney is
            bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
4           and all other applicable law.  All obligations placed on "counsel" by these
            Rules apply to individuals appearing in propria persona.  Failure to comply
5           therewith may be ground for dismissal . . . or any other sanction
            appropriate under these Rules.
6

7   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

8   same rules of procedure that govern other litigants.").  Case law is in accord that a district court

9   may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal

10  Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to

11  comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.

12  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

13  *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

14  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action

15  pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

16  or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

17  53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground

18  for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

19  Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

20  any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th

21  Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets

22  and may impose sanctions including dismissal).

23          Accordingly, IT IS HEREBY ORDERED that:

24          1.      Plaintiff is granted leave to amend her complaint and shall file her "First

25  Amended Complaint" ***within 30 days of the date of this order***.  If plaintiff fails to timely file a

26  First Amended Complaint, the undersigned may recommend dismissal of plaintiff's case

                                                3

1  pursuant to Federal Rules of Civil Procedure 4(m) and 41(b), and Local Rules 110 and 183(a).

2  However, if plaintiff is able to retain counsel prior to expiration of this 30-day period, and

3  plaintiff's new counsel requires a brief amount of additional time to prepare the First Amended

4  Complaint, that counsel may formally appear in the action and request an extension of time.

5        2.    The Clerk of Court is directed to issue an amended summons upon the

6  filing of the First Amended Complaint.

7        3.    Plaintiff is granted 60 additional days from the date of issuance of the

8  amended summons within which to serve all defendants with the appropriate process.  See Fed.

9  R. Civ. P. 4(m).

10       4.    A status conference is set in this case for February 16, 2012, at 10:00 a.m.,

11  in Courtroom 25.  *No later than seven days prior to the status conference*, the parties who have

12  appeared in the action shall file status reports—or a joint status report if possible—consistent

13  with the Order Setting Status Conference.

14       IT IS SO ORDERED.

15  DATED:  December 2, 2011

16

17  _____
    KENDALL J. NEWMAN

18  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

4