1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JACQUELINE M. TAYLOR,

11              Plaintiff,                          No. 2:11-cv-00603 KJM KJN PS

12         v.

13    EMPLOYMENT DEVELOPMENT
      DEPARTMENT, and DOES 1-100,

14
                Defendants.                         ORDER
15    _____/

16              On March 12, 2012, plaintiff filed a Second Amended Complaint (Dkt. No. 18),

17    which no longer names certain defendants who were named in plaintiff's First Amended

18    Complaint.  Specifically, the Second Amended Complaint does not name the State of California

19    or Pamela Harris as defendants.  Also on March 12, 2012, plaintiff filed a motion to voluntarily

20    dismiss the "State of California Et AL" and Pamela Harris from this case without prejudice (Dkt.

21    No. 19).

22              The undersigned construes plaintiff's motion to voluntarily dismiss the "State of

23    California Et AL" and Pamela Harris as a notice of voluntarily dismissal filed pursuant to Federal

24    Rule of Civil Procedure 41(a)(1)(A)(i), which was effective upon filing because no defendant had

25    filed an answer to the First Amended Complaint or a motion for summary judgment.  See Fed. R.

26    Civ. P. 41(a)(1)(A)(i) (providing that "the plaintiff may dismiss an action without a court order

                                                    1

1   by filing . . . (i) a notice of dismissal before the opposing party serves either an answer or a

2   motion for summary judgment . . . ."); <u>United States v. Real Property Located at 475 Martin</u>

3   <u>Lane, Beverly Hills, CA</u>, 545 F.3d 1134, 1145 (9th Cir. 2008).  This order acknowledges the

4   dismissal of the State of California and Pamela Harris as defendants from this action.

5              The only remaining defendants in this action are the Employment Development

6   Department ("EDD") and Does 1 through 100.  On March 21, 2012, EDD filed an answer to

7   plaintiff's Second Amended Complaint (Dkt. No. 23).  Because EDD has answered the operative

8   complaint, the undersigned sets a status (pretrial scheduling) conference in this case.

9              Accordingly, IT IS HEREBY ORDERED that:

10             1.    Defendants State of California and Pamela Harris are dismissed from this

11  action without prejudice.

12             2.    Within 30 days of the date of this order, the parties shall meet and confer

13  about the mandatory disclosures required by Federal Rule of Civil Procedure 26.

14             3.    A Status (Pretrial Scheduling) Conference shall be held on May 24, 2012,

15  at 10:00 a.m., in Courtroom No. 25.  All parties shall appear by counsel or in person if acting

16  without counsel.

17             4.    Not later than seven days prior to the Status (Pretrial Scheduling)

18  Conference, the parties shall file a <u>joint</u> status report as provided in the Order Setting Status

19  Conference (Dkt. No. 3), briefly describing the case and addressing the following topics:

20             a.  Service of process;

21             b.  Possible joinder of additional parties;

22             c.  Any expected or desired amendment of the pleadings;

23             d.  Jurisdiction and venue;

24             e.  Anticipated motions and their scheduling;

25             f.  The report required by Federal Rule of Civil Procedure 26 outlining the

26  proposed discovery plan and its scheduling, including disclosure of expert witnesses;

2

1            g.  Future proceedings, including setting appropriate cut-off dates for

2    discovery and law and motion, and the scheduling of a pretrial conference and trial;

3            h.  Special procedures, if any;

4            i.  Estimated trial time;

5            j.  Modifications of standard pretrial procedures due to the simplicity or

6    complexity of the proceedings.

7            k.  Whether the case is related to any other cases, including any bankruptcy

8    case;

9            *l.*  Whether a settlement conference should be scheduled;

10           m.  Whether counsel will stipulate to the magistrate judge assigned to this

11   matter acting as settlement judge and waive disqualification by virtue of his so acting, or whether

12   they prefer to have a settlement conference conducted before another judge;

13           n.  Any other matters that may add to the just and expeditious disposition

14   of this matter.

15           5.  Failing to obey federal or local rules, or orders of this court, may result in

16   dismissal of this action.  This court will construe pro se pleadings liberally, but pro se litigants

17   must comply with the procedural rules.  <u>See</u> Local Rules 110, 183(a).

18           IT IS SO ORDERED.

19   DATED:  March 28, 2012

20

21                                       _____

22                            KENDALL J. NEWMAN
                           UNITED STATES MAGISTRATE JUDGE

23

24

25

26