IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACQUELINE M. TAYLOR,

      Plaintiff,                    No. 2:11-cv-00603 KJN PS

  v.

EMPLOYMENT DEVELOPMENT DEPARTMENT,

      Defendant.                <u>ORDER</u>

                                  /

        Presently pending before the court is plaintiff's request for appointment of counsel. (Dkt. No. 35.)[1] Plaintiff indicates that she requests the appointment of counsel due to unspecified "medical reasons, lack of knowledge of the law, and the inability to obtain counsel" on her own. (<u>Id.</u>)

        Under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. However, this discretion may be exercised only under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits

---

[1] All parties consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c) (dkt. nos. 5, 26), and the action was referred to the undersigned for all further proceedings and entry of final judgment. (Dkt. No. 29.)

and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id.

Here, plaintiff is not proceeding in forma pauperis – she paid the filing fee. Furthermore, while the court is unable to make any determination related to the merits of the action at this juncture, plaintiff's claims, which appear to be premised on provisions of the Americans with Disabilities Act and California's Fair Housing and Employment Act, and relate to defendant's alleged failure to reasonably accommodate her medical conditions, do not appear to be unusually complex.  Additionally, although the court appreciates the difficulties faced by a pro se litigant in prosecuting an action in federal court, plaintiff's filings do not show that she is completely unable to represent her own interests in this litigation.  Thus, there are no exceptional circumstances justifying the appointment of counsel.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel (dkt. no. 35) is DENIED.

DATED: October 22, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE